# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 08-20064-01-KHV** |
| SANDRA GLENN, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion For Modification Or Reduction Of Sentence Based Upon An Intervening Post-Sentence Change In The United States Sentencing Guidelines Pertaining To Corollary Criminal History Category (Amendment 12) Which Effectively Lowers Petitioner's Term Of Imprisonment</u> (Doc. #79) filed September 28, 2012. For reasons stated below, the Court overrules defendant's motion.

Defendant argues that she is entitled to be resentenced because Amendment 709 changed her applicable criminal history category.[1] Effective November 1, 2007, Amendment 709 changed the way certain prior convictions affect a defendant's criminal history calculation under U.S.S.G. §§ 4A1.1 and 4A1.2. Here, the Court sentenced defendant on December 28, 2009 and applied the November 1, 2009 edition of the Sentencing Guidelines, which included the changes in Amendment 709. Accordingly, defendant is not entitled to relief.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may

---

[1]     Defendant's motion refers to "Amendment 12," but that amendment was effective June 15, 1988 and refers to the definition of loss in theft and embezzlement cases. Based on defendant's description of the amendment, she apparently intended to refer to Amendment 709.

modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes re-sentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Modification Or Reduction Of Sentence Based Upon An Intervening Post-Sentence Change In The United States Sentencing Guidelines Pertaining To Corollary Criminal History Category (Amendment 12) Which Effectively Lowers Petitioner's Term Of Imprisonment</u> (Doc. #79) filed September 28, 2012 be and hereby is **OVERRULED**.

Dated this 14th day of November, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge